17-400-cv
*Surlock v. New York State Office of Persons with Developmental Disabilities, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of April, two thousand and eighteen.

Present:
> BARRINGTON D. PARKER,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

---

Bradford J. Surlock, individually and as next friend of Michael Surlock; and Mary-Ann Surlock, individually and as next friend of Michael Surlock,

> *Plaintiffs-Appellants,*        17-400-cv

v.

New York State Office for People with Developmental Disabilities; Kerry Delaney, Acting Commissioner of the New York State Office for People with Developmental Disabilities; John Gleason, Director, Central New York DDSO; Lynette O'Brien, Deputy Director, Central New York DDSO; Anthony DiNuzzo, Deputy Director of Quality Assurance, Central New York DDSO; Laurie Elliott, Treatment Team Leader, Central New York DDSO, Fulton Office; Barbara Alexander, Developmental Assistant III, Central New York DDSO, Fulton Office; Ron Reid, House Director,

Fravor Road IRA; Victoria LeBoeuf, Former House Director, Fravor Road IRA; Felicia Graham, Former Assistant House Director, Fravor Road IRA; Ray Perkins, Former Assistant House Director, Fravor Road IRA; Monique Dickerson, Fravor Road IRA Nurse; Donna Motyka, Former Fravor Road IRA Nurse; Denise Reynolds, Former Fravor Road IRA Nurse; Tracey Jasiewicz, Former Assistant House Director, Fravor Road IRA; and Diane Finster, Fravor Road IRA Direct Care Staff,

*Defendants-Appellees,*

Amy Hillard, Assistant House Director, Fravor Road IRA; Cora Spencer, Fravor Road IRA Direct Care Staff; Mary Doe, Person employed by OPWDD whose identity is not presently known; Jane Doe, Person employed by OPWDD whose identity is not presently known; and Jeanette Maynes, Fravor Road IRA Direct Care Staff,

*Defendants.*\*

---

| | |
|---|---|
| *For Appellants*: | CHRISTOPHER D. WATKINS, Sussman & Associates, Goshen, N.Y. (William J. Porta, The Law Office of William J. Porta, Hamilton, N.Y., Michael H. Sussman, Sussman & Associates, Goshen, N.Y., *on the brief*). |
| *For Appellees New York State Office for Peopele with Developmental Disabilities, Delaney, Gleason, O'Brien, and DiNuzzo*: | MICHAEL PAUL RINGWOOD (Karen Guyder Felter, *on the brief*), Smith, Sovik, Kendrick & Sugnet, P.C., Syracuse, N.Y. |
| *For Appellees Elliott, Alexander, Reid, LeBoeuf, Perkins, and Jasiewicz*: | KENNETH M. ALWEIS (Heather K. Zimmerman, *on the brief*), Goldberg Segalla LLP, Syracuse, N.Y. |

---

\* The Clerk of Court is directed to amend the official caption of this appeal to correct the spelling of the parties' names in conformity with the above.

| | |
|---|---|
| *For Appellees Dickerson, Motyka, and Reynolds*: | CATHERINE A. GALE (Matthew J. VanBeveren, *on the brief*), Gale Gale & Hunt, LLC, Syracuse, N.Y. |
| *For Appellee Felicia Graham*: | WOODRUFF LEE CARROLL, Woodruff Lee Carroll P.C., Syracuse, N.Y. |
| *For Appellee Diane Finster*: | SARAH RUHLEN (Mimi Carol Satter, *on the brief*), Satter Law Firm, PLLC, Syracuse, N.Y. |

Appeal from decisions entered on March 4, 2014 in the United States District Court for the Northern District of New York (Mordue, *J.*) and June 8, 2016 in the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Bradford and Mary-Ann Surlock, acting as next friend to their son, Michael Surlock, appeal from the decisions entered by the United States District Court for the Northern District of New York (Mordue & D'Agostino, *JJ.*), dismissing for failure to state a claim their Americans with Disabilities Act claim against the New York Office for People with Developmental Disabilities and granting summary judgment to the remaining appellees on the Surlocks' substantive due process and New York negligent hiring, training, and supervision claims. We assume the parties' familiarity with the underlying facts, the procedural history, the arguments presented on appeal, and the district court's rulings, which we reference only to explain our decision.

The Surlocks first appeal the district court's Rule 12(b)(6) dismissal of their Americans with Disabilities Act claim for failure to state a claim, asserting that the district court improperly treated their claim as one for disparate treatment instead of one for failure to accommodate and, by doing so, erroneously found that they failed to plead that Michael was deprived of services provided to nondisabled persons. Even if the district court mistakenly treated the Surlocks' ADA claim as a disparate treatment claim rather than a failure-to-accommodate claim, we have made clear "the demonstration that a disability makes it difficult for a plaintiff to access benefits *that are available to both those with and without disabilities* is sufficient to sustain a claim for a reasonable accommodation." *Henrietta D. v. Bloomberg*, 331 F.3d 261, 277 (2d Cir. 2003) (emphasis added). In other words, even in the failure-to-accommodate context, a plaintiff must allege that the failure to accommodate led to the plaintiff's inability to access benefits available to those without disability. The Surlocks, however, fail to allege in their complaint that one-on-one supervision—the requested accommodation—either was a benefit available to those without disability or was necessary for Michael to access benefits available to those without disability. For that reason, the district court properly determined that the Surlocks failed to state a claim under the ADA.

The Surlocks also appeal the district court's entry of summary judgment in favor of Gleason, O'Brien, DiNuzzo, Elliott, Alexander, Reid, LeBoeuf, Perkins, Dickerson, Motyka, Reynolds, Graham, and Finster on their substantive due process claims. For the same reasons set out in the district court's thorough decision granting

4

summary judgment on those claims, we affirm.[1]  Likewise, we affirm on the basis of the district court's decision granting summary judgment to Gleason, O'Brien, DiNuzzo, Elliott, Alexander, Reid, LeBoeuf, Perkins, Dickerson, Motyka, and Reynolds on the Surlocks' negligent hiring, training, and supervision claims against them.  No genuine dispute of material fact exists as to those claims and the record reveals that those defendants are entitled to judgment as a matter of law.

We have considered the Surlocks' remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Because the Surlocks' constitutional and statutory claims fail, their *Ex parte Young* claim for injunctive relief brought against Delaney in her official capacity also fails.  *See State Emps. Bargaining Agent Coalition v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007) ("Under the well-known exception . . . set forth in *Ex parte Young*, 209 U.S. 123 (1908), . . . 'a plaintiff may sue a state official acting in his official capacity—notwithstanding the Eleventh Amendment—for prospective, injunctive relief *from violations of federal law.*'" (quoting *In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007) (emphasis added))).

5